# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 18 C 3637 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward H. filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits (DIB) under Titles II of the Social Security Act (the Act). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross motions for summary judgment. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

On June 24, 2014, Plaintiff applied for DIB, alleging that he became disabled on June 24, 2014 because of cardiomyopathy and congestive heart failure. (R. at 84–94). His claims were denied initially on February 23, 2015, and upon

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

reconsideration on May 20, 2015, after which Plaintiff timely requested a hearing. (*Id.* at 83, 94, 112–13). Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ) on September 20, 2016. (*Id.* at 35–74). The ALJ also heard testimony from Brian Harmon, a vocational expert (VE). (*Id.*).

The ALJ issued an unfavorable decision on March 17, 2017. (R. at 16–34). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since June 24, 2014, his alleged disability onset date. (*Id.* at 19). At step two, the ALJ found that Plaintiff's congestive heart failure with a history of dilated cardiomyopathy status post defibrillator was a severe impairment. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations. (*Id.* at 20).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. §§404.1567(b) except with the following limitations:

> [H]e could lift and carry ten pound[s] occasionally as well as ten pounds frequently. He could sit for six hours, stand or walk for two hours. He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He could occasionally balance, stoop, kneel, and crouch. He can never work at unprotected heights or around moving mechanical machinery. He should avoid concentrated exposure, humidity, wetness, extreme cold, extreme heat, dust, odors, fumes, and pulmonary irritants. Finally, he should have only occasional contact with vibration.

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008).

2

(R. at 21). The ALJ determined at step four that Plaintiff was unable to perform any past relevant work. (*Id.* at 25). At step five, based on Plaintiff's RFC, his vocational factors, and the VE's testimony, the ALJ determined that there are jobs that exist in significant numbers in the local economy that Plaintiff can perform, including inspector, assembler, and surveillance system monitor. (*Id.* at 26–29). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id.* at 29).

On March 26, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

A court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if

3

it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

### III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is convinced by Plaintiff's

4

argument that the ALJ erred in evaluating the medical opinion of Plaintiff's treating cardiologist, Samer Abbas, M.D.[3]

An ALJ must give controlling weight to the opinion of a treating physician on the nature and severity of a medical condition unless it is "unsupported by medical findings or inconsistent with the record." *Fisher v. Berryhill*, No. 18-2166, 2019 WL 644219, at *5 (7th Cir. Feb. 15, 2019) (citing 20 C.F.R. § 404.1527(c)(2)). Because a treating physician has "greater familiarity with the claimant's condition and circumstances," an ALJ may only discount a treating physician's opinion based on good reasons "supported by substantial evidence in the record." *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). But that is not the end of the inquiry: "[e]ven if an ALJ gives good reasons for not giving controlling weight to a treating physician's opinion," she still must "decide what weight to give that opinion." *Id.* at 308. In making this decision, the ALJ must consider a variety of factors, including: "the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." *Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018), *amended on reh'g* (Aug. 30, 2018) (quoting *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010)); *see* 20 C.F.R. § 404.1527(c)(2)–(6). As the Social Security Administration's (SSA) own rulings state, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all* of the factors

---

[3] Because the Court remands for this reason, it does not address Plaintiff's other arguments at this time.

provided in 20 CFR 404.1527[.]" SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996).[4] (emphasis added).

Here, the ALJ improperly discounted the opinion of Samer Abbas, M.D.,[5] a cardiologist who treated Plaintiff every three months from October 2012 to September 2014. (*See* R. at 573, 684). On July 22, 2014, Dr. Abbas completed an Attending Physician's Statement. (R. at 684–686). Dr. Abbas diagnosed Plaintiff with severe congestive heart failure based on the following objective findings: eco-left ventricle hypertrophy, left ventrical wall abnormalities, ejection fraction 30-33%, and an implantable cardioverter-defibrillator implant. (*Id.* at 684). The doctor indicated that Plaintiff's cardiac symptoms first appeared in October of 2012 and have retrogressed. Dr. Abbas rated Plaintiff's cardiac functional capacity as Class 3, which indicates marked limitations according to the American Heart Association. (*Id.*). He also diagnosed Plaintiff with hypertension. (*Id.*).

The doctor found that Plaintiff is unable to perform the following job functions due to his condition: sitting, standing, walking for long periods, strenuous activities, and heaving lifting. (R. at 685). He also indicated that Plaintiff would be unable to perform his job functions in stressful situations. (*Id.*). Dr Abbas explained that

---

[4] The SSA has rescinded SSR 96-2p in connection with its new rules governing the analysis of treating physicians' opinions, but that rescission is effective only for claims filed as of March 17, 2017. *See* Notice of Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 2017 WL 3928298, at *1 (Mar. 27, 2017); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018).

[5] It is undisputed that Dr. Abbas is a treating physician. (*See, e.g.*, Def.'s Mem., Dkt. 19 at 9 (referring to Dr. Abbas as a "treating physician"); R. at 24 (referring to Dr. Abbas as a "treating source")).

Plaintiff's severe congestive heart failure causes shortness of breath with minimal activity and "a major decrease in functional capacity." (*Id.*). The doctor concluded that Plaintiff is "now totally disabled." (*Id.* at 684).

The ALJ gave "little weight" to this opinion because: 1) "Dr. Abbas' determination that the claimant is incapable of performing work duties is not a medical opinion, but rather an administrative finding dispositive of a case"; 2) "it is unclear whether Dr. Abbas was familiar with the Social Security Administration's disability evaluation program"; 3) "Dr. Abbas' conclusions were vague in nature"; and 4) the doctor's opinion was "rendered shortly after the claimant's alleged onset date, with the medical evidence of record demonstrating much great physical functioning." (R. at 24–25). There are several errors in the ALJ's analysis of the opinion of Dr. Abbas, warranting remand on this issue.

First, while the ultimate issue of disability is a legal decision reserved for the Commissioner, the ALJ cannot disregard medical evidence as a whole from the treating physician. *Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014). Although the ALJ was not bound by Dr. Abbas' assertion that Plaintiff "is now totally disabled," s*ee Garcia v. Colvin*, 741 F. 3d 758, 760 (7th Cir. 2013), Plaintiff's physical and mental ability to work full time "is something to which medical testimony is relevant and if presented can't be ignored." (*Id.*) (citing *Bjornson v. Astrue*, 671, F.3d 640, 647–48 (7th Cir. 2012)). Here, the ALJ improperly dismisses Dr. Abbas' assessment of Plaintiff's ability to work full time, stating, "Dr. Abbas' determination that the claimant is incapable of performing work duties is not a

medical opinion, but rather an administrative finding dispositive of a case." (R. at 24–25). This is inaccurate. As the Seventh Circuit has recently found:

> Whether a claimant qualifies for benefits is a question of law, but a medical opinion that a claimant is unable to work is not an improper legal conclusion. Indeed, ALJs must consider medical opinions about a patient's ability to work full time because they are relevant to the RFC determination.

*Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) (citations omitted). Dr. Abbas' opinion that Plaintiff's severe congestive heart failure causes "a major decrease in functional capacity" and that Plaintiff is unable to perform job functions such as sitting, standing, walking for long periods, strenuous activities and heavy lifting, (R. at 685), are not improper legal conclusions. Moreover, "although a medical opinion on an ultimate issue such as whether the claimant is disabled is not entitled to controlling weight, the ALJ must consider the opinion and should recontact the doctor for clarification if necessary." *Barnett v. Barnhart*, 381 F.3d 664, 669–70 (7th Cir. 2004) (citing S.S.R. 96–5p at 2). Here, the ALJ improperly dismissed Dr. Abbas' opinion for being "vague in nature" without seeking clarification. To be sure, "[i]f the ALJ thought that it was possible there were jobs in the economy that [Plaintiff] could perform despite [his] diagnosis and the difficulties that diagnosis presented for [him], . . . , [he] 'should have asked [the treating physician] to specify more exactly what 'functions' [Plaintiff] is incapable of performing,' before rejecting [the treating physician's] opinion as conclusory and according it only slight weight for that reason." *Warren v. Colvin*, No. 15 C 8987, 2017 WL 36404, at *3 (N.D. Ill. Jan. 4, 2017) (quoting *Garcia*, 741 F.3d at 760–61).

8

Second, the ALJ improperly discounted the doctor's opinion because "it is unclear whether Dr. Abbas was familiar with the Social Security Administration's disability evaluation program." (R. at 24). Although it is permissible to consider a doctor's familiarity with the social security disability program, *see* 20 C.F.R. §404.1527(d)(6), the ALJ gave no basis for believing that Dr. Abbas was not familiar with SSA's disability program. *See Garcia v. Colvin*, 219 F. Supp. 3d 1063, 1073–74 (D. Colo. 2016) ("The ALJ simply assumed that the State agency medical consultant and the consultative examiner had more knowledge of the Social Security programs than the treating sources . . . This finding is not supported by the evidence in the record and is not a legitimate reason for discounting treating source opinions."). Thus, this rationale by the ALJ amounts to impermissible speculation. *See White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("[s]peculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence."); *see also Wilder v. Chater*, 64 F.3d 335, 338 (7th Cir. 1995) (claimant is "entitled to a decision based on the record rather than a hunch."). Moreover, even if the ALJ had support for his belief that Dr. Abbas was not familiar with SSA's disability program, this reason alone is insufficient to discount the doctor's opinion. *See Gravina v. Astrue*, No. 10-CV-6753, 2012 WL 3006470, at *5 (N.D. Ill. July 23, 2012) ("[I]f an ALJ can reject a treating physician's opinion simply because a non-treating, non-examining doctor is more familiar with the disability standards, he would be granting favored status to the non-treating doctor that is unsupported by the regulations.").

9

Third, the ALJ provided no explanation of how "the medical evidence of record demonstrate[ed] much greater physical functioning," (R. at 25), than Dr. Addas' opinion, nor did the ALJ point to any inconsistencies directly. *See Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000) (finding error when the ALJ did not provide any explanation for his beliefs that claimant's activities were inconsistent with the treating physician's opinion). Without such a logical bridge, the Court cannot trace the path of the ALJ's reasoning. "While the Court could speculate about what the ALJ had in mind based on the ALJ's description of the medical records in another part of her decision, it would not be appropriate to do so." *Warren*, 2017 WL 36404, at *4 (finding error when the ALJ failed to explain inconsistencies between the treating physician's opinion and the record).

Forth, although the ALJ is entitled to not accord controlling weight to Dr. Abbas' opinion, he still must address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinion. SSR 96-2p. SSR 92-2p states that treating source medical opinions "are still entitled to deference and must be weighed using *all* of the factors provided in 20 C.F.R. § 404.1527." (*Id.*) (emphasis added). Here, the ALJ failed to minimally address several of the enumerated factors provided in 20 C.F.R. § 404.1527. For example, the ALJ did not acknowledge Dr. Abbas' specialty in cardiology, which would weigh in favoring his opinion over the opinions of non-specialists. 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *see also Shattuck v.*

10

*Berryhill*, No. 117CV03978TABJMS, 2018 WL 2752565, at *5 (S.D. Ind. June 8, 2018) (remanding in part because "the ALJ failed to consider [the cardiologist's] status as a treating physician with a cardiology specialization," which was directly relevant to claimant's alleged impairments); *Lannon v. Astrue*, 2013 WL 2072440, at *6 (N.D. Ind. Apr. 17, 2013) (same). Nor did the ALJ analyze the length, nature, and extent of Dr. Abbas' treatment relationship; the frequency with which Dr. Abbas examined Plaintiff; or the types of tests performed. 20 C.F.R. § 404.1527(c)(2)(i)–(ii). The ALJ also did not address the consistency of Dr. Abbas' opinion with his "contemporaneous progress and examination notes or the objective imaging studies and laboratory reports." *Warren*, 2017 WL 36404, at *4. Similarly, "[t]he ALJ also failed to consider the consistency of [Dr. Abbas'] opinion with the opinions of other treating, examining, and reviewing medical sources." *Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018) (finding error when "[a]lthough the ALJ discussed the weight to afford these physicians' opinions, he did not specify how or to what extent he considered these opinions when deciding to assign little weight to [the treating physician's] opinions."). The ALJ's failure to "sufficiently account[ ] for the factors in 20 C.F.R. § 404.1527," *Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013) (unpublished decision), prevents the court from determining the reasonableness of the ALJ's decision in light of these factors.

In sum, the Court finds that the ALJ did not offer substantial evidence for rejecting the opinion of Dr. Abbas, which is an error requiring remand. On remand, the ALJ shall properly weigh all of the medical opinions explicitly considering and

addressing the factors set forth in 20 C.F.R. § 404.1527(c). The ALJ shall then reevaluate Plaintiff's impairments and RFC, considering all of the evidence and testimony of record, and shall explain the basis of his findings in accordance with applicable regulations and rulings. With the assistance of a VE, the ALJ shall determine whether there are jobs that exist in significant numbers that Plaintiff can perform.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [13] is **GRANTED**, and the Commissioner's motion for summary judgment [18] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: April 2, 2019

_Mary M Rowland_
MARY M. ROWLAND
United States Magistrate Judge